UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRUCE DABRIEO,
        Plaintiff,

        v.                                      Civil Action
                                                No.13-13105-RWZ
THE MASSACHUSETTS PAROLE BOARD,
ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

ZOBEL, D.J.

## BACKGROUND

On December 6, 2013, plaintiff Bruce Dabrieo ("Dabrieo"), a prisoner in custody at MCI Concord, filed a self-prepared civil rights Complaint against the Massachusetts Parole Board and its individual members. Among other things, Dabrieo seeks to have a new re-parole hearing on the grounds that the denial of his re-parole was unconstitutionally arbitrary and based on misrepresented or erroneous facts.

Along with the Complaint, Dabrieo filed a Motion for Service of the Complaint (Docket No. 2). He paid $350.00 for the civil action filing fee; however, he did not pay the $50.00 administrative fee.[1]

## DISCUSSION

I.    <u>The Filing Fee</u>

Because Dabrieo did not pay the $50.00 administrative fee, this action may not proceed at this time; however, this Court will permit him an opportunity to satisfy the

---

[1] The $50.00 administrative fee became effective May 1, 2013, but does not apply to persons proceeding *in forma pauperis*. <u>See</u> Judicial Conference Fee Schedule.

filing fee requirements in full.

Accordingly, within 21 days of the date of this Memorandum and Order, Dabrieo either shall pay the $50.00 administrative fee or demonstrate that he lacks sufficient funds to pay the $50.00 administrative fee, by filing an Affidavit for Prepayment of Fees and Costs accompanied by his certified prison account statement for the six-month period preceding the filing of his Complaint.[2]  See 28 U.S.C. § 1915(a)(2)).

The clerk shall send Dabrieo the standard application form used by this Court and a copy of this Memorandum and Order to the Treasurer's Office at MCI Concord. Failure to comply with these directives will result in a dismissal of this action without prejudice.

II.     The Motion for Service of Complaint by U.S. Marshal

Dabrieo seeks to have service of process made on each of the defendants by the United States Marshal Service, notwithstanding his payment of the $350.00 filing fee, because he is unable to afford the costs of service and because he does not have anyone who can effect service on his behalf since his wife is ill.

In view of the unresolved filing fee issue, and, in the absence of Dabrieo's financial information demonstrating his indigency, Dabrieo's Motion for Service of

---

[2]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Complaint by U.S. Marshal (Docket No. 2) is premature and will be DENIED without prejudice.

Should Dabrieo file an Affidavit to Proceed Without Prepayment of Fees and Costs (*i.e.*, an *in forma pauperis* request) along with his certified prison account statement, this Court will consider whether an Order to the United States Marshal Service to effect service and advance the costs of service is warranted.[3]

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Within 21 days of the date of this Memorandum and Order, plaintiff either shall pay the $50.00 administrative fee of the Court, or he shall demonstrate he is unable to afford this fee by filing an Affidavit for Prepayment of Fees and Costs along with his certified prison account statement for the six-month period preceding the filing of his Complaint;

2. Plaintiff's Motion for Service of Complaint by U.S. Marshal (Docket No. 2) is DENIED; and

3. Upon resolution of the filing fee issue, this action shall be screened pursuant to the PLRA and a further Order shall issue.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: December 19, 2013

---

[3] Because Dabrieo is a prisoner as defined by 28 U.S.C. § 1915(h), he is subject to the to the provisions of the Prison Litigation Reform Act 1995 ("PLRA"), Title VIII of Pub. L. 104-134, 110 Stat. 1321-1375 (1996). The PLRA contains provisions which grant courts the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (screening of cases proceeding *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). Upon resolution of the filing fee issue, this action will be preliminarily screened and a further Order shall enter.