UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13105-RWZ

BRUCE DABRIEO

v.

JOSHUA WALL, et al.

ORDER

ZOBEL, D.J.

State prisoner Bruce Dabrieo brings this action under 42 U.S.C. § 1983 in which he claims that the defendants--the Massachusetts Parole Board and its current and former members–violated his rights under the Fifth and Fourteenth amendments to the United States Constitution by denying him reparole. The plaintiff seeks injunctive and declaratory relief and "such other relief as it may appear that he is entitled." Compl. at 30. Dabrieo has paid the $400 filing fee.

Now before the Court is the plaintiff's complaint for screening pursuant to 28 U.S.C. § 1915A. This statute authorizes federal courts to dismiss <u>sua sponte</u> prisoner complaints against a government official if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b). Also before the Court is the plaintiff's motion (#6) for leave to complete service by certified mail or by the United States Marshals Service ("USMS").

Accordingly:

1.  The Massachusetts Parole Board is <u>DISMISSED</u> as a defendant.

The Eleventh Amendment of the United States Constitution[1] generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief against the Parole Board for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.  A state or state agency is not a "person" within the meaning of 42 U.S.C. § 1983.  See Will v. Mich. Dept. of State Police, 491 U.S. 58, 65-66 (1989) (state is not a "person" against whom a § 1983 claim may be asserted).

      2.     The Court will not entertain any claim for damages as the Parole Board members as "parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of their official duties."  Johnson v. Rhode Island Parole Board Members, 815 F.2d 5, 8 (1st Cir. 1987) (per curiam).

      3.     The Clerk shall issue summonses as to all defendants except the Massachusetts Parole Board.  The plaintiff shall have 120 days from this date to serve summons, complaint, and this order upon the individual defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

      4.     The motion for leave to serve by certified mail (#6) or for service by the USMS is DENIED.  With exceptions not applicable in this case, the Federal Rules of

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. Amend. XI.

Civil Procedure do not provide for service on individuals by certified mail.  Service may completed by "[a]ny person who is at least 18 years old and not a party" to the action.  Fed. R. Civ. P. 4(c)(2), including a sheriff, a private process server, or any other non-party who is old enough.  The Court only orders service of civil summons by the United States Marshals Service when a litigant is proceeding <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a).  The plaintiff may also try to obtain a waiver of service from the defendants.  <u>See</u> Fed. R. Civ. P. 4(d).  A defendant who, without good cause, fails to sign and return a waiver requested by a plaintiff located within the United States, may have to pay the plaintiff's costs of service.  <u>See</u> Fed. R. Civ. P.  4(d)(2).

SO ORDERED.

| | |
|---|---|
| 2/21/2014 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |