UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13105-RWZ

BRUCE DABRIEO

v.

MASSACHUSETTS PAROLE BOARD, *et al.*

MEMORANDUM OF DECISION

March 26, 2015

ZOBEL, D.J.

The plaintiff/petitioner, Bruce Dabrieo, brought this action challenging his revocation of parole and subsequent confinement by his original complaint on December 6, 2013. The defendants[1] moved to dismiss in lieu of answering on May 27, 2014. On June 9, 2014, Mr. Dabrieo moved to amend the complaint, and the amended complaint was filed on July 14, 2014, with the court's permission. The defendants filed the instant motion to dismiss on October 16, 2014.

**I. Analysis**

For this motion to dismiss, the facts are as stated in the complaint, taking all

---

[1] There are eleven defendants: Michael Thompson, Superintendent of MCI Concord, Joshua Wall, Chairman of the Massachusetts Parole Board, Cesar Archilla, Dr. Charlene Bonner, Sheila Dupre, Ina Howard-Hogan, Roger Michel, Jr., Lucy Soto-Abbe, members of the Massachusetts Parole Board, Joyce Crosby, Director of the Life Science Unit of the Massachusetts Parole Board, Caitlin Casey, Chief of Staff of the Massachusetts Parole Board, and Marsh M. Hill, Deputy Institutional Parole Officer at MCI Cedar Junction.

reasonable inferences in the plaintiff/petitioner's favor.

**1. Count 1: Habeas Corpus (28 U.S.C. § 2254)**

The defendants' only clear opposition to plaintiff's petition for habeas corpus is that it is untimely. By their own reasoning, plaintiff's habeas petition had to be filed by June 19, 2014, because he "did not raise this claim until July 14, 2014," when he filed his amended complaint. However, "an amendment to a pleading relates back to the date of the original pleading when: (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. Rule Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 646 (2005) ("relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."). Because the habeas petition, appearing for the first time in the amended complaint, concerns the exact same conduct as the original complaint, Rule 15 applies here. And though the burden on petitioner is heavy if he is to succeed, at this early stage I must draw all reasonable inferences in his favor. Giving the pleadings a broad reading, as I must in this *pro se* action, Mr. Dabrieo has sufficiently pled facts entitling him, if true, to a writ of habeas corpus for violations of his equal protection rights[2] and factual findings by the parole board which were "unreasonable ... in light of the evidence presented." 28 U.S.C. § 2254 (d).

Dabrieo's petition is therefore timely and sufficiently states a claim for habeas relief. Defendants' motion to dismiss Count 1 is DENIED.

**2. Counts II and III: Due Process and Conspiracy (42 U.S.C. § 1983)**

---

[2] Plaintiff has no protected liberty interest in being granted parole in Massachusetts, and so has no ground for habeas relief under a due process theory. Lynch v. Hubbard, 47 F. Supp. 2d 125, 127 (D. Mass. 1999).

The favorable termination rule bars the use of civil rights or tort claims as a vehicle for collateral attack on state criminal convictions. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Because "a § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the 'fact or duration of [the plaintiff's] confinement.'" White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (citing Heck, 512 U.S. at 481), it is barred by the favorable termination rule. Defendants' motion to dismiss Counts II and III is ALLOWED.

To the extent Dabrieo also attempts to assert an equal protection claim under section 1983, it, too, is DISMISSED for the same reason.

## II. Conclusion

Defendants' motion to dismiss the amended complaint (Docket # 56) is ALLOWED IN PART AND DENIED IN PART.

Defendants' motion to dismiss the complaint (Docket # 22) is DENIED AS MOOT.

Petitioner's motion to appoint counsel (Docket # 38) is DENIED.

Petitioner's motion for "Order [for Defendant Archilla] to pay [for service]" (Docket # 43) is ALLOWED without opposition. Defendant Archilla shall remit $65 to plaintiff for the cost of service of process.

Petitioner's motion for leave to file stipulation (Docket # 44) is DENIED in light of defendants' opposition.

Petitioner's motion for leave to file motion to allow next friend (Docket # 45) is ALLOWED, and his motion "to allow next of friend" (Docket # 46) is DENIED.

Petitioner's motion for service by certified mail (Docket # 67) is ALLOWED.

|  |  |
|---|---|
| March 26, 2015 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |